UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHRISTOPHER A AMERSON,

    Plaintiff,

v.

ABODE SERVICES, et al.,

    Defendants.

Case No. 21-cv-00359-BLF

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915**

The Court has received Mr. Amerson's amended complaint. *See* Am. Compl., ECF 16. Mr. Amerson has been granted permission to proceed in forma pauperis, and, accordingly, the Court screens the complaint under 28 U.S.C. § 1915(e). A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The Court notes that Mr. Amerson's complaint suffers from the same issues identified by Judge Nathanael M. Cousins in his January 20, 2021 screening order. *See* Order, ECF 4. Specifically, Mr. Amerson brings claims under 42 U.S.C. § 1983 ("Section 1983") against Defendants Abode Services, a housing non-profit, and Peggy Domaio, but this claim can only be brought against state or local officials. *See* 42 U.S.C. § 1983. Despite being warned of this by Judge Cousins, Mr. Amerson has still not established that Abode Services and Ms. Domaio are state or local officials. Mr. Amerson has not alleged any facts about the conduct of Ms. Domaio or Abode Services at all. The Court notes that Mr. Amerson writes, "The Court can and should hold everyone accountable that participated in this cover up and attempt to hide the truth," but this is

not the type of specific factual allegation required by Federal Rule of Civil Procedure 8 that shows the Court that the he is entitled to relief. Mr. Amerson has had multiple opportunities to amend his Section 1983 claims against Ms. Domaio and Abode Services, but he has still not demonstrated to the Court that these defendants are state or local officials that can be sued under Section 1983. The Court strongly doubts that Mr. Amerson will be able to establish that Ms. Domaio and Abode Services are state or local officials, and because Mr. Amerson has been previously given the chance to amend, the Court DISMISSES the claims against Ms. Domaio and Abode Services WITH PREJUDICE. Mr. Amerson may not amend his complaint again to bring claims against Ms. Domaio and Abode Services.

Mr. Amerson also brings Section 1983 claims against the Santa Clara Police Department ("SCPD") and the Santa Clara Fire Department ("SCFD"), which are state actors who can be sued under Section 1983. Mr. Amerson alleges that the SCPD and the SCFD violated his First and Eighth Amendment rights. However, Mr. Amerson does not explain how his rights were violated. For example, Mr. Amerson alleges that the SCPD did not arrest the people that shot him. However, Mr. Amerson has not explained how that violated either his First or Eighth Amendment rights. In order to state a claim upon which relief can be granted, and then proceed to discovery, Mr. Amerson must explain in simple and concise words how the alleged conduct violated his First Amendment right to freedom of religion, speech or assembly and/or his Eighth Amendment right to be free of excessive bail or penalties or cruel and unusual punishment. The Court understands that this is not easy and strongly recommends that Mr. Amerson contact the Federal Pro Se Program at (408) 297-1480 for assistance in drafting his complaint.

Accordingly, the Court GRANTS Mr. Amerson leave to amend his complaint by April 30, 2021. If he cannot fix the issues identified by Judge Cousins in his initial screening January 20, 2021 screening order and further explained by this Court, then his complaint will be dismissed.

**IT IS SO ORDERED.**

Dated: March 19, 2021

_____
BETH LABSON FREEMAN
United States District Judge